BLD-216                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2064
_____

IN RE: CHRISTIAN DIOR WOMACK,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 28, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

     Christian Dior Womack, a.k.a. Gucci Prada, presents a petition for a writ of

mandamus.  He requests that we put an end to what he describes as a "practice of fraud

on the court" in his criminal proceedings that culminated in his guilty plea to charges of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sex trafficking of a minor and sex trafficking by force.[1] He complains that the District Judge has wrongly rejected his complaints about the prosecutor and his appointed counsel because the District Judge has a personal relationship with appointed counsel. In support, he notes that the District Judge and the prosecutor personally selected his counsel from those available on the list of Criminal Justice Act ("CJA") counsel;[2] that the District Judge said "that was rude" in response to Womack's complaints about appointed counsel; and that the District Judge rejected his claim, at sentencing, that appointed counsel "told him a different account than what the courts were stating."[3]

As Womack notes, mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A petitioner must ordinarily have no other means to obtain the desired relief,

---

[1] Womack has appealed from the judgment entered in his case. He also continues to file motions in the District Court, including a motion calling for the District Judge's recusal.

[2] To prove his point, Womack submits a transcript in which the District Judge states that he "will select, not the counsel of your choosing," but someone from the CJA list to serve as back-up counsel.

[3] Additionally, to further support his claims, Womack has provided us with two motions he filed in the District Court. In those, he asserted that the District Judge conducted his criminal proceedings knowing that appointed counsel "fabricated false information to the court" and "produced acts of fraud in his sentencing memorandum." He also maintained that his counsel authored "false and misleading documents" with the Government's knowledge. He additionally stated that the District Judge relied on counsel's fraud (including counsel's statement that he would be able to get a lesser sentence for Womack if Womack paid him $10,000) in making decisions in his case.

2

and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

Essentially, Womack seeks to challenge the judgment against him through his claims of fraud on the court and alleged improper actions by the District Judge. Mandamus relief is not available because these are claims that he can raise in his direct appeal. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).

Although Womack complains about the District Judge in his mandamus petition, Womack does not ask us to order his recusal. However, to the extent that he seeks such relief, we note that it is not available because he has other adequate means to attain the desired relief, a recusal motion pending in the District Court.[4] See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003).

---

[4] Given Womack's pending appeal, he may not receive an immediate ruling on his motion in the District Court. However, to the extent that he seeks a writ of mandamus ordering the District Judge's recusal, we further note that he has not shown a clear and indisputable right to it. A mandamus petition can be a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). His petition could be liberally interpreted to implicate two related subsections of § 455: subsection (a) requires recusal when a judge's impartiality might reasonably be questioned, and subsection (b) requires recusal when the judge has a personal bias or prejudice concerning a party. Many of Womack's complaints are based on ordinary judicial decision-making (including, as it appears from the transcript that Womack submits, the ordinary appointment of CJA counsel). However, mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Womack also suggests that the District Judge was hostile to him when he remarked that something Womack said was rude. But even if the comment were made in the most impatient of tones, it would not establish bias sufficient to mandate recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("Not establishing bias

3

For these reasons, we deny Womack's mandamus petition.

---

or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display."). Also, although Womack includes vague allegations of bias based on a claim that the District Judge has some sort of personal relationship with appointed counsel, the claim is not supported by the record. We note that recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).