**In re Christian Dior WOMACK, Petitioner.**

No. 15–2379.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. June 30, 2015.

Opinion filed: July 1, 2015.

Christian Womack, Tucson, AZ, pro se.

Michelle Morgan, Esq., Melanie B. Wilmoth, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Respondent.

Before: RENDELL, Circuit Judge.

## OPINION *

PER CURIAM.

Christian Dior Womack, a.k.a. Gucci Prada, citing the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, presents a petition for a writ of mandamus. He describes claims relating to his criminal prosecution similar to those he raised in a previous mandamus petition, which we denied. *See In re Womack,* No. 15–2064, 606 Fed.Appx. 638, 2015 WL 3514707, 2015 U.S.App. LEXIS 9393 (3d Cir. June 5, 2015) (per curiam). Essentially, he asserts that his criminal prosecution, in which he pleaded guilty to charges of sex trafficking of a minor and sex trafficking by force,

was a "complex fraud." He alleges that the judge, prosecutors, and his former counsel violated several federal statutes by participating in his criminal case. Womack further alleges that his right, under 18 U.S.C. § 3771(a)(1), "to be reasonably protected from the accused" is being violated by his detention in a maximum security prison. He asks us, in the "interest of" § 3771(a)(1), to "remove [him] from any further harm." In his petition, he also appears to seek "the right to be heard" under the CVRA and the right to initiate a criminal prosecution of (at least) the judge and prosecutors.

In appropriate circumstances, mandamus relief pursuant to the CVRA is available under a standard that is different from, and less demanding than, that used in traditional mandamus proceedings. *See* 18 U.S.C. § 3771(d)(3); *Kenna v. U.S. Dist. Court,* 435 F.3d 1011, 1017 (9th Cir. 2006); *United States v. Rigas,* 409 F.3d 555, 562 (2d Cir.2005). However, relief under the CVRA is not available to Womack here.

First, while we have not yet considered exactly what is meant by the term "crime victim" under 18 U.S.C. § 3771(e)(2), *see United States v. Atl. States Cast Iron Pipe Co.,* 612 F.Supp.2d 453, 462 & *passim* (D.N.J.2009) (noting the same and providing a thorough overview of the caselaw discussing the term), it is difficult to see how the term could apply to Womack under the circumstances presented. However, even assuming that he could be considered a crime victim for whom mandamus and other relief is available under § 3771, he has in no way shown that he is being deprived of the rights accorded crime victims.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Womack's right to "reasonable protection from the accused" under § 3771(a) is in no way compromised in this case by his imprisonment. The "right to be heard" that Womack seeks is a right to "be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). However, there are no such proceedings involving those whom Womack accuses of committing crimes. Womack additionally wants those persons he accuses of crimes to be prosecuted. Even if we believed prosecution to be appropriate (which we do not), we cannot order their prosecution as some form of relief to him because nothing in the CVRA "shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under [her] direction." 18 U.S.C. § 3771(d)(6).

We note additionally that Womack appears to have applied for relief in the first instance in the wrong court. *See* 18 U.S.C. § 3771(d)(3). There is no evidence that Womack filed a motion seeking relief under the CVRA in the appropriate district court before he filed his petition for a writ of mandamus.

For these reasons, we deny Womack's petition for a writ of mandamus.