**\*AMENDED CLD-060**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3407
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 19, 2015

Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 15, 2015)
_____

OPINION\*
_____

PER CURIAM

Christian Dior Womack, a.k.a. Gucci Prada, filed a petition for a writ of

mandamus in October 2015.  In his petition, he seeks an order compelling the District

Court "to rule on Petitioner's Rule 60(b)(6) fraud on the court motion."  Petition at 1.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After describing the procedural history of his criminal case (including his guilty plea and his appeal) and detailing some of his claims of fraud, he alleges that the District Court has been "reluctant to rule on" his Rule 60(b) motion. He asserts that the reluctance is misplaced because this Court does not have jurisdiction over his direct appeal (further explaining that his criminal judgment is not final because it was procured by fraud).

In the beginning of November 2015, Womack submitted a motion for a stay of this mandamus action on the basis that he had filed an "amendment" to his Rule 60(b) motion and he wanted to afford the District Court an opportunity to consider it. At the end of November, he filed a motion to withdraw his stay motion. At that time, he also presented an amended petition for a writ of mandamus. In his amended petition, Womack repeats his claim of a District Court delay in ruling on his Rule 60(b) motion. He also objects to some of the District Court's decisions in his criminal case and maintains that the circumstances surrounding the appointment of counsel in his case warrant the District Judge's recusal. In light of what he perceives as fraud and rulings in the absence of jurisdiction in the District Court, Womack seeks a writ of mandamus to vacate his conviction and sentence. He also moves for the appointment of counsel.

We will deny Womack's mandamus petition and his counsel motion.[1] Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel

it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

First, we consider Womack's claim of a delay in ruling on a motion, which he also described as a reluctance to rule. By his phrasing, Womack tries to suggest that the District Court has failed to rule on his Rule 60(b) motion. However, that is simply not the case; the District Court did, in fact, entertain his filing. Upon consideration of the District Court docket entries, Womack's filings, and the District Court's orders, it is clear that Womack objects not to the District Court's failure to rule on his motion, but the District Court's decision to deny the Rule 60(b) motion while Womack's criminal judgment was on appeal. See ECF No. 215. (In the order of July 29, 2015, the District Court stated that it lacked jurisdiction to consider matters challenged on appeal.) We note also that the District Court has rejected Womack's subsequent efforts to win Rule 60(b) relief. See ECF Nos. 221 & 228. Although Womack disagrees with the result, his disagreement is a matter for appeal, not for mandamus relief. For these reasons, we will deny Womack's request for mandamus relief based on a claim of a delay in adjudication.

Womack also again seeks to challenge the criminal judgment against him (and his sentence) through his claims of fraud on the court and alleged improper actions and rulings by the District Judge. As we explained previously in considering the same claims, see In re Womack, 606 F. App'x 638 (3d Cir. 2015) (per curiam), mandamus

---

[1] We permit Womack to withdraw his motion to stay these proceedings.

relief is not available because those are claims that can be presented in a direct appeal.[2] See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).

Lastly, although Womack does not specifically request that we order the District Judge to recuse, to the extent that he seeks such relief in mandamus, we note that he has not shown a clear and indisputable right to it. As he argued in earlier filing, Womack asserts that the District Judge's recusal is warranted because the District Judge "insisted upon the choice of his appointed counsel." As we have explained in greater detail elsewhere, see In re Womack, 606 F. App'x at 639 n.4, Womack's complaint is essentially an objection to ordinary judicial decision making. His mere dissatisfaction with the ruling appointing counsel does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Furthermore, to the extent Womack again raises allegations of bias based on a claim that the District Judge has some sort of personal relationship with appointed counsel, we cannot find support for that claim in the record. And recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

For these reasons, we deny Womack's mandamus petition.[3]

---

[2] We note that Womack disagrees with our analysis, but his disagreement does not transform the claims into appropriate bases for mandamus relief.

[3] As noted above, we grant Womack's motion to withdraw his stay motion, and we deny his motion for appointment of counsel.